UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SAMUEL HOLMES, | CIVIL ACTION NO. 5:23-cv-249-KKC |
|     Plaintiff, | |
| V. | **OPINION & ORDER** |
| LEXINGTON-CJD, LLC, d/b/a FREEDOM CDJR OF LEXINGTON, et al., | |
|     Defendants. | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on plaintiff Samuel Holmes's motion to amend his complaint to join non-diverse defendants and simultaneous motion to remand. (DE 8.) For the reasons stated herein, the motions are **DENIED**.

### I.  BACKGROUND

Holmes initially filed this action in Fayette Circuit Court. He brought claims against only Lexington-CJD, LLC ("Freedom CDJR") and FCA US LLC. In his complaint, Holmes asserted that he purchased a Black Dodge Ghost, "a highly sought after collector's item," from Freedom CDJR. (DE 1-1.) At the time of the purchase, Freedom CDJR and the transactional documents represented that there were eleven miles on the vehicle. When Holmes received the vehicle, however, the odometer displayed twenty-five miles. Holmes asserted various claims against Freedom CDJR and FCA including breach of contract, violation of the Kentucky Consumer Protection Act, and conspiracy.

Freedom CDJR properly removed the action to this Court pursuant to 28 U.S.C. § 1332. There is no dispute that defendant Freedom CDJR is a citizen of Oregon and defendant FCA is a

1

citizen of a foreign country, plaintiff is a citizen of Kentucky, or that the amount in controversy exceeds $75,000. After the case was removed, defendant FCA filed a motion to dismiss for failure to state a claim. (DE 6.) One week later, Holmes filed a motion to amend his complaint to join non-diverse defendants Tim Cecil, General Manager of Freedom CDJR, and John/Jane Doe, a sales manager. Holmes simultaneously filed a motion to remand since joinder of these defendants would destroy complete diversity in the action.

## II. DISCUSSION

When a plaintiff attempts to join a non-diverse defendant after removal, the Court's decision is governed by 28 U.S.C. § 1447(e). According to § 1447(e), the Court may either: (1) deny joinder; or (2) permit joinder and remand the case to the state court. Determining which option to exercise requires a balancing of the equities considering these factors: (1) how much the purpose of the post-removal joinder is to defeat federal jurisdiction; (2) whether Plaintiff was dilatory in filing his Amended Complaint; (3) whether Plaintiff will be "significantly prejudiced" if amendment is not allowed; and (4) any other equitable factors. *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008). A court's analysis of these factors is intended "to answer the ultimate question [of] whether the primary purpose of the proposed joinder is to oust the case from the federal forum." *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005). The Court considers each of these factors in turn.

   a. **The extent to which the proposed amendment's purpose is to destroy federal jurisdiction**

The first and most important factor for the Court to consider is whether the purpose of post-removal joinder is to defeat federal jurisdiction. *Davis v. Owners Ins. Co.*, 29 F.Supp.3d 938, 943 (E.D. Ky. 2014).

When a plaintiff seeks to join a non-diverse defendant that the plaintiff was aware of at the time the complaint was filed and after no new information has been discovered, courts have made the inference that the motion was made for the purpose of destroying federal jurisdiction. *Davis*, 29 F.Supp.3d at 943; *Cooper v. Thames Healthcare Grp.*, L.L.C., No. 13-cv-14-GFVT, 2014 WL 941925. In *Davis* and *Cooper*, the plaintiffs filed their motions to amend simultaneously with their motions to remand approximately one month after the notices of removal. *Id.* Further, no new discovery was made during that time period and the plaintiffs were aware of the parties they sought to join when the original complaints were filed. *Id.* In both cases, the courts found that these circumstances inferred that the plaintiffs sought to add the non-diverse defendants for the primary purpose of avoiding federal jurisdiction. *Id.*

The facts in Holmes's case are very similar to *Davis* and *Cooper*. Holmes filed his motion to amend simultaneously with his motion to remand about one month after the case was removed to federal court and a week after the defendant filed a motion to dismiss. In that time, the parties conducted no discovery. Additionally, Holmes stated in his motion to amend that he knew of Tim Cecil's existence at the time the lawsuit was filed but had not yet decided on whether to include him. (DE 8, p. 4) Taken together, these circumstances suggest that Holmes's primary purpose in joining Cecil and John/Jane Doe is to divest the Court of its jurisdiction. As such, the first factor weighs against joinder.

b. **Whether plaintiff was diligent in filing his amended complaint**

Next, the Court considers whether the plaintiff was diligent in filing his amended complaint. Courts have held that this factor does not weigh in favor of joinder when plaintiffs seek

3

to add parties they were aware of when they initiated their claims. In *Davis*, because the plaintiff had knowledge of the existence of the defendants he sought to join, the court considered dilatoriness of amendment neutral and did not weigh it in favor of joinder or denial of joinder. *Davis*, 29 F.Supp.3d at 943. In *Cooper*, the Court did not permit the diligence factor to weigh in favor of joinder although only two months had passed between the original complaint and the motion to amend because the plaintiff had knowledge of the reason for amendment during that time. *Cooper*, 2014 WL 941925, at * 5.

In this case, Holmes moved to amend a month after the case was removed. Holmes admits he knew of Tim Cecil when he filed the original complaint but argues that the Court should distinguish his case from *Davis* and *Cooper* because he still does not know the existence of all parties involved in the alleged conspiracy. However, since Holmes was at least aware of Cecil at the time the original complaint was filed and chose not to include him as a defendant, the Court finds this factor does not weigh in favor of joinder.

   c. **Substantial prejudice to plaintiff if the amendment is denied**

The next factor the Court considers is whether the plaintiff will be substantially prejudiced if the Court does not allow the amendment. Holmes seeks to add Cecil and John/Jane Doe for counts of conspiracy. Freedom CDJR argues that Holmes will not be prejudiced at all if joinder is denied because under the intracorporate conspiracy doctrine, employees and their employer cannot conspire together when employees are acting in the scope of employment. Under this doctrine, since employees are considered the same entity as their employer, there are not two separate people to form a conspiracy. *Cowing v. Commare*, 499 S.W.3d 291, 294 (Ky. Ct. App. 2016). Freedom CDJR argues that since the proposed defendants were acting in the scope of their employment when they sold the vehicle to Holmes, the intracorporate conspiracy doctrine renders Holmes's claims against them meritless.

4

Holmes contends that the doctrine does not apply in this case because fraud and misrepresentation are not activities within the legitimate scope of employment. (DE 14, p. 6.) He also argues that the proposed defendants had personal motivations in the alleged conspiracy because of the operations of Freedom CDJR. These arguments are not persuasive. The alleged conspiracy included the managers selling a vehicle to the plaintiff, delivering the vehicle, and refusing its return. (DE 8, p. 7.) All these acts were performed on behalf of Freedom CDJR. Therefore, the intracorporate conspiracy doctrine will likely bar his claims against the individual managers and Holmes will not suffer any prejudice from not joining the proposed defendants.

   d. **Other equity considerations**

Holmes argues that the proposed amendment will allow him to present his claims more fully and hold all responsible parties accountable. He also claims that defendants both have significant ties to Kentucky and will not be prejudiced by state court proceedings. Defendants argue that they are entitled to invoke this Court's jurisdiction and Plaintiff's motion is nothing more than a ploy to divest this Court of its jurisdiction. The Court finds that there are no strong equity factors not already considered above. Accordingly, this factor is neutral.

### III. CONCLUSION

The balance of these factors weighs in favor of denying joinder. The facts in this case suggest Holmes's primary purpose in seeking to join the non-diverse defendants is to destroy diversity jurisdiction. Further, he will suffer very little prejudice from the denial. Since the other factors do not tip the scale, Holmes's motion to amend and simultaneous motion to remand are denied.

Accordingly, it is hereby **ORDERED** the plaintiff's motion to amend and motion to remand (DE 8) are **DENIED**.

This 6th day of November, 2023.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY