UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SAMUEL HOLMES, | CIVIL ACTION NO. 5:23-cv-00249-KKC |
| Plaintiff, | |
| V. | OPINION & ORDER |
| LEXINGTON-CJD, LLC, d/b/a FREEDOM CDJR OF LEXINGTON, et al., | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to dismiss filed by defendant FCA US LLC. (DE 6.) Plaintiff, Samuel Holmes, seeks damages for alleged breach of contract among other claims. Defendant argues that the claims in plaintiff's complaint against FCA should be dismissed for failure to state a cause of action. For the reasons stated herein, the motion to dismiss (DE 6) is GRANTED.

I.   BACKGROUND

In his complaint, Holmes asserted that he purchased a Black Dodge Ghost, "a highly sought after collector's item," from defendant Lexington-CJD, LLC ("Freedom CDJR"). (DE 1-1.) At the time of the purchase, Freedom CDJR and the transactional documents represented that there were eleven miles on the vehicle. When Holmes received the vehicle, however, the odometer displayed twenty-five miles.

Holmes brought various claims against Freedom CDJR and against FCA, the manufacturer of the vehicle. These claims include breach of contract, violation of the Kentucky Consumer Protection Act, intentional infliction of emotional distress, and conspiracy. FCA filed a motion to

1

dismiss arguing that FCA did not play any part in the transaction at issue and does not have any ownership interest in or agency relationship with Freedom CDJR. Because of this, FCA contends that Holmes failed to state a claim against FCA, and the Court should therefore dismiss the claims against it.

## II. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

"A complaint relying on agency must plead facts which, if proved, could establish the existence of an agency relationship." *Bird v. Delacruz*, 2:04–CV–661, 2005 WL 1625303 (S.D.Ohio July 6, 2005). Holmes's complaint details the interactions between Holmes and Freedom CDJR that led to his claims. Holmes does not mention any actions of FCA or plead facts from which the Court could infer an agency relationship between FCA and Freedom CDJR. Instead, Holmes makes conclusory statements that the actions of Freedom CDJR were "within

the purview of their established agency association" and as "the entity overseeing its network of authorized dealers… [FCA] shoulders responsibility" for the actions of Freedom CDJR. (DE 1-1 at Page ID# 21.) Holmes, however, makes these assertions without pleading any facts that establish that FCA is responsible for the actions of Freedom CDJR. Ignoring the legal conclusions in the complaint, Holmes does not plead sufficient facts to state a cause of action against FCA.

For these reasons, the COURT hereby **ORDERS** that the defendant's motion to dismiss (DE 6) is **GRANTED** and all Holmes's claims against FCA US LLC are **DISMISSED**.

This 6th day of November, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY