# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **SAMUEL HOLMES** | **CASE NO. 5:23-CV-249-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **LEXINGTON-CJD, LLC d/b/a/** | |
| **FREEDOM CDJR OF LEXINGTON** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on plaintiff Samuel Holmes' Motion *in Limine* (DE 78) to exclude certain opinions and testimony of Defendants' expert, Roy Theophilus Bent, Jr. For the following reasons, Holme's Motion (DE 78) is DENIED.

## I. Factual Background

The factual background of this case is detailed in the Court's Opinion and Order dated October 23, 2025. (*See* DE 82.) Relevant to this motion, the case involves a mileage dispute over a 2023 Dodge Challenger Black Ghost, a limited-production vehicle only one of 300 produced. The Black Ghost's mileage in the contract documents stated 11, whereas the mileage upon delivery to Holmes was "24 or 25." (DE 70 at 2.) The extent to which the mileage discrepancy injured Holmes remains in dispute.

Holmes argues that the mileage discrepancy reduces the Black Ghost's value by $103,813.00. (DE 78 at 3.) Freedom argues that there is no reduction in value because the mileage is within the range normally expected of a new car. (DE 80 at 7.) Holmes' expert, Steven Proto, determined the amount of loss by subtracting the Black Ghost's sale price from the average of the 2024 auction prices of three other 2023 Black Ghosts. (DE 82 at 8.) Freedom's expert, Roy Theophilus Bent, Jr. used a "Cost Comparison Approach" by searching

three online databases and several authorized Dodge dealers to conclude that there was no loss in value. (DE 80 at 5.)

Holmes' motion asks the Court to preclude defense expert Bent from offering his report and testimony. Holmes contends that Bent is unqualified, relies on inaccurate facts, uses unreliable methods, and his testimony may prejudice and confuse the jury. (DE 78.)

## II. Analysis

Under Federal Rules of Evidence 702, an expert witness may testify if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702(a)–(d). A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). The test for determining reliability is flexible and can adapt to the particular circumstances underlying the testimony at issue. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-51 (1999). Rejection of expert testimony is the exception, rather than the rule. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517 (6th Cir. 2008) (quoting Fed. R. Evid. 702 advisory committee's note, 2000 amend.).

In this case, Bent meets all the Fed. R. Evid. 702 qualifications for expert testimony. First, Bent possesses the requisite technical and specialized knowledge to assist the trier of fact in valuing a limited-production vehicle like the 2023 Dodge Challenger Black Ghost. He holds an IACP-Certified Auto Appraiser designation, earned through training and testing, and is a J.D. Power and Associates-certified New and Used Passenger Car & Truck Valuation Expert, adhering to the *Uniform Standards of Professional Appraisal Practice* (USPAP). (DE 80 at 4-5.) His expertise in classic cars and custom vehicles, combined with appraisals

conducted in accordance with USPAP and Bureau of Certified Auto Appraisers Standards, equips him to address the complexities of this case. (*Id*.) Thus, Bent meets Fed. R. Evid. 702(a).

Second, Bent bases his testimony on sufficient facts and data. Holmes calls into question the factual inaccuracies in Bent's report, arguing that the sales date was misstated, the delivery date was omitted, and the Black Ghost's fair market value was misrepresented. (DE 78 at 7.) Notwithstanding these facts, Holmes' contentions do not adequately call into question the sufficiency of the data Bent relies on. The evidence in the record indicates that Bent's report was derived from searching three different online databases and consulting with "several" certified Dodge dealers. (DE 80 at 5.) Given the limited sales information, the Bent report sufficiently analyzed the available data. Accordingly, Bent meets Fed. R. Evid. 702(b).

Third, Bent's Cost Comparison Approach is a reliable method for determining the amount of loss. Bent's methodology searched three online databases and several authorized Dodge dealers to conclude that there was no loss in value. (DE 80 at 5.) This approach, grounded in USPAP and Bureau of Certified Auto Appraisers Standards, aligns with industry practices and reliably applies available sales data to the unique circumstances of a limited-production vehicle. (DE 80 at 5.) Bent's calculations align with industry standards, and he reliably applied the sales numbers and data using his Cost Comparison Approach. As such, Bent's testimony meets Fed. R. Evid. 702(c) and (d).

Fourth, Bent's report does not risk prejudice and confusion. Holmes argues that Bent's report, which finds no loss in value, risks confusing the jury by contradicting Proto's $103,813 valuation. (DE 78 at 8.) This objection goes to the weight of Bent's testimony, not its admissibility. Discrepancies between expert valuations are for the jury to resolve, not the Court. See *United States v. Stafford*, 721 F.3d 380, 394 (6th Cir. 2013) ("The trial court

3

determines admissibility; the jury determines weight."). Contradictory expert opinions do not render testimony inadmissible, as the jury is tasked with evaluating credibility and weight.

In his reply (DE 81), Holmes argues that the parole evidence rule prohibits Bent's testimony. He contends that evidence to prove that the contract documents stated anything other than 11 miles is barred under the parole evidence rule. However, Holmes' argument misapplies the parole evidence rule. This contract law principle precludes parties from introducing extrinsic evidence, such as prior oral or written agreements, to contradict or modify the terms of a final, integrated written contract. *Johnson v. Dalton*, 318 S.W.2d 415, 417 (Ky. 1958). Freedom is not trying to contradict or alter the terms of the contract. Rather, the purpose of Bent's report is to assess the amount of damages caused by the mileage discrepancy. Because Bent's testimony is proper for determining damages, and it is not intended to dispute the terms of the purchase agreement, the parole evidence rule does not apply.

Accordingly, the Court hereby ORDERS that Holmes' Motion (DE 78) is DENIED.

This 27th day of October, 2025.

**Signed By:**

**Karen K. Caldwell**

**United States District Judge**