UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| SAMUEL HOLMES<br><br>  **Plaintiff,**<br><br>v.<br><br>LEXINGTON-CJD, LLC d/b/a/<br>FREEDOM CDJR OF LEXINGTON<br><br>  **Defendant.** | CASE NO. 5:23-CV-249-KKC<br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Plaintiff Samuel Holmes' motion for reconsideration (R. 90). Now that this matter is fully briefed, it is ready for review. For the following reasons, Plaintiff's motion is denied.

## I. BACKGROUND

Holmes' motion relates to the Court's October 23, 2025 Order granting in part and denying in part Defendant Lexington-CJD LLC's ("Freedom") motion for summary judgment. (R. 82.) A detailed account of the facts is set forth in the Court's prior order. (R. 82.) Relevant here, Holmes brought several claims against Freedom including, among others, fraud. (R. 8-2.) Freedom moved for summary judgment on all counts. (R. 70.) The Court's October 23, 2025 Order granted summary judgement in favor of Freedom with respect to the fraud count. (*See* R. 82 at 14.) Holmes then timely filed the present motion. (R. 90.)

Holmes moves the Court to reconsider its prior ruling on the fraud claim against Freedom. Holmes argues that the Court excessively weighed the presumption of innocence and honesty under Kentucky law. (R. 90 at 9.) In response, Freedom asserts that there is no legal basis for Holmes' motion because he is merely presenting the same arguments and contentions as before. (R. 91 at 2.)

## II. ANALYSIS

"Motions for reconsideration generally are construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)." *Waid v. Snyder*, No. 18-1960, 2019 U.S. App. LEXIS 4839, at *1 (6th Cir. Feb. 19, 2019); *see also Moody v. Pepsi-Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th Cir. 1990) (construing a motion for reconsideration as a Rule 59(e) motion to alter or amend a judgment). The purpose of Federal Rule of Civil Procedure 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).

Fed. R. Civ. P. 59(e) permits the court to alter or amend a final judgment if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling [*6] law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006)). Granting a Rule 59(e) motion is an extraordinary remedy that lies in the court's discretion. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir, 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse").

In his motion, Holmes disagrees with the Court's fraud analysis under Kentucky law. He argues that the cases citing a presumption of innocence and honesty are distinguishable from this case. (R. 90 at 6.) Holmes raises many questions as to the validity of the presumption:

> A review of Kentucky cases reveals no clear explanation as to why this "judge made" presumption exists and whether it has any limitations. . . . Not only the rationale but also the limits of the presumption are unclear. Does this presumption apply to every defendant, including non-Kentucky defendants? If so, why? Does a recidivist still qualify for the presumption of honesty? If a company has been convicted of tax and business fraud, does it have the presumption? If so, is the proof needed to overcome the presumption lessened? Should categories of people and businesses benefit disproportionately from the

> presumption? Or do we pretend that all are innocent and honest? Do we distinguish nonprofits from car dealers? Would Kentuckians generally agree that car dealers are presumptively honest? How did this presumption arise? . . . Does this presumption actually bear a rational relation to the fact that the moving party wants the court to accept? If so, where in Kentucky's judicial history has this been tested?

(*Id.* at 11.) While Holmes raises several astute questions regarding the presumption's validity and scope, these concerns do not undermine the Court's prior Order. The presumption's history and the criticisms levied against it do not alter the fact that it remains valid under Kentucky law. It is the Court's duty in this case to apply Kentucky law.

Since 1934, state and federal courts applying Kentucky law have recognized the presumption of innocence and honesty. *See Goerter v. Shapiro*, 72 S.W.2d 444, 445–46 (Ky. 1934) ("Fraud will not be presumed, and one who charges fraud assumes the burden of sustaining his accusation by clear and convincing evidence sufficient to overcome the legal presumption of innocence and honesty."); *Helm Co., LLC v. Al J. Schneider Co.*, Nos. 2013-CA-001192-MR, 2013-CA-001385-MR, 2014 Ky. App. Unpub. LEXIS 768, at *10 (Ct. App. Sep. 26, 2014) (quoting *Goerter*); *Pac. Mut. Life Ins. Co. v. Arnold,* 90 S.W.2d 44, 49 (Ky. 1935) ("In actions involving fraud as in other cases where the facts present a double aspect, one consistent with fair dealing and the other involving dishonesty of purpose, the court, unless the scale decidedly predominates for the latter, will strike the balance in favor of honesty and innocence."); *T.M. Crutcher Lab. v. Crutcher*, 157 S.W.2d 314, 320 (1941) (quoting *Pacific Mutual*); *Compressed Gas Corp. v. United States Steel Corp.*, 857 F.2d 346 (6th Cir. 1988) (citing *T.M. Crutcher*); *First Tech. Capital, Inc. v. JP Morgan Chase Bank, N.A.*, No. 12-289-KSF, 2013 U.S. Dist. LEXIS 36391 at *19 (E.D. Ky. Mar. 15, 2013) (citing *Compressed Gas*) ("Additionally, the party asserting fraud must overcome Kentucky's long-recognized "presumption of innocence and honesty against fraud claims."). Regardless of the merits of Holmes' criticisms of the presumption of innocence and honesty, this Court is bound to apply

3

Kentucky law in this case. It lacks authority to amend or revise that law, a task reserved to the Kentucky legislature and judiciary.

Additionally, the fact that the Plaintiff bears a higher burden for proving fraud claims should not be surprising. This burden is consistent throughout the litigation process. To sufficiently plead fraud when filing a complaint, a plaintiff must state with particularity the circumstances constituting fraud or mistake. Fed R. Civ. P. 9(b). This heightened pleading standard requires more specificity than required under *Ascroft v. Iqbal,* 556 U.S. 662, 678 (2009) and Fed. R. Civ. P. 8(a). Similarly, to successfully establish a fraud claim under Kentucky law, the Plaintiff must prove each element by clear and convincing evidence. *United Parcel Service Co. v. Rickert,* 996 S.W.2d 464, 468 (Ky. 1999). This burden is greater than the typical preponderance standard for civil trials. *See Morton v. Tipton,* No. 2017-CA-001305-ME, 2018 Ky. App. LEXIS 190, at *10 (Ky. Ct. App. June 22, 2018) ("In civil actions, proof by a preponderance of the evidence normally determines the rights of the parties. . . However, in certain cases the heightened clear and convincing standard is applied.") (Internal citations omitted).

Kentucky's presumption of innocence and honesty operates as the corollary to these heightened fraud standards. As plaintiffs must satisfy Rule 9(b)'s particularity requirement and ultimately prove fraud by clear and convincing evidence, defendants are correspondingly cloaked in a presumption of honesty that functions as a substantive safeguard. Although this presumption is rebuttable, the Court has already evaluated the evidentiary record and concluded that the facts presented are insufficient to overcome it. (*See* R. 82 at 11.)

Holmes further calls into question whether the presumption is to be applied at the summary judgment stage. (R. 90 at 12.) Notwithstanding the presumption, Holmes failed to produce evidence that would meet the clear and convincing evidence standard required at summary judgment. "Where the nonmoving party faces a heightened burden of proof, such

4

as clear and convincing evidence, he must show in opposition to the motion for summary judgment that he can produce evidence which, if believed, will meet the higher standard." *White v. Turfway Park Racing Ass'n,* 909 F.2d 941, 944 (6th Cir. 1990) (citations omitted). As previously held,

> Holmes does not point to sufficient evidence that Freedom's conduct was intentional or reckless. There is no evidence in the record, let alone clear and convincing evidence, that the erroneous mileage presented in the Purchase Packet was inserted intentionally or recklessly. Similarly, Holmes does not present sufficient evidence as to how Freedom intentionally or recklessly distracted his attention, or suppressed vital details of the transaction in an effort to keep him from finding out the "actual" mileage.

(R. 82 at 11.) Holmes disagrees with this analysis, identifying seven reasons why it believes Freedom's conduct was reckless. (R. 92 at 22.) Holmes' disagreement, however, is not a proper basis for relief under Rule 59(e), which does not permit a party to relitigate issues or advance arguments that could have been raised previously. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case").  If Holmes wishes to challenge the merits of the Court's Order, the appropriate course is to seek appellate review.

### III.    CONCLUSION

The Court has already determined that Holmes failed to present sufficient evidence to satisfy the clear and convincing standard. Holmes' criticisms of the presumption of innocence and honesty afford no basis for relief in this Court, and his disagreements with the Court's evaluation of the evidence may not be relitigated through a motion for reconsideration. Accordingly, Holmes' Motion for Reconsideration (R. 90) is DENIED.

This 22nd day of January, 2026.



**Signed By:**

*Karen K. Caldwell*   KKC

**United States District Judge**