UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| SAMUEL HOLMES<br><br>　　Plaintiff,<br><br>v.<br><br>LEXINGTON-CJD, LLC d/b/a/<br>FREEDOM CDJR OF LEXINGTON<br><br>　　Defendant. | CASE NO. 5:23-CV-249-KKC<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Samuel Holmes' motion to extend the Court's dispositive motion deadline (R. 96). Holmes requests modification of the Scheduling Order so that he may file his own motion for summary judgment. The Defendant has not filed a response and the deadline for doing so has expired. *See* LR 7.1.(b).

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The primary considerations for whether a court should grant a motion under Rule 16(b)(4) is (1) the moving party's diligence in attempting to meet the established deadlines and (2) whether the opposing party will suffer prejudice. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

> Holmes' argument for meeting Rule 16's good cause standard is straightforward:
>
> 1. The circumstances impelling the determination to bring the MSJ did not exist until January 22, 2026, when the court denied Plaintiff's Motion for Reconsideration of the court's Order granting, in part, Defendant's Motion for Summary Judgment
>
> 2. As long as Plaintiff's counsel had the prospect of trying the entire case together to the jury, that was the best strategy, and hope, for a significant verdict populated by consistent findings.
> . . .

4. Prior to the court's ruling granting partial summary judgment and declining to change that ruling after reconsideration, the landscape of this litigation was entirely different. Plaintiff's Amended Complaint pleaded twelve counts, many of which might have justified a jury verdict for punitive damages. Those claims, on the one hand, posed the major threat of a quite sizable recovery and therefore provided a possible impetus for settlement. On the other hand, it made little sense to seek summary judgment on the two contract counts while leaving most of the case for trial. Had Plaintiff won that motion, it still would have had ten counts to try to the jury.

(R. 96 at 6–7.) Additionally, Holmes argues that Freedom will not suffer prejudice because the motion is very straightforward and easy to brief. (*Id.* at 7.)

Having considered Holmes' motion, the Court finds that Holmes has sufficiently demonstrated good cause for extending the previous dispositive motion deadline. Accordingly, the Court hereby ORDERS as follows:

1. Holmes' R. 96 motion is GRANTED.

2. Holmes' Motion for Summary Judgment (R. 96-1) is DEEMED FILED with the entry of this Order. The response and reply deadlines set by LR 7.1 take effect as of this date.

3. The pretrial deadlines, PRETRIAL CONFERENCE and JURY TRIAL are SET ASIDE. A new trial date and scheduling deadlines SHALL be set by subsequent order, pending the Court's resolution of Holmes' Motion for Summary Judgment, if necessary.

This 24th day of February, 2026.



**Signed By:**

*Karen K. Caldwell*  *KKC*

**United States District Judge**